any such purchases ; but the latter sought to establish their right of recovery, by showing that February 12, 1880, the Chicago & Indianapolis Air Line Railway Company, through Henry Crawford as treasurer, entered into a special contract with them in writing, by which that company agreed to pay plaintiff the commissions in question, and that subsequently, and before this suit, said last named railway company became consolidated with the appellant company, by reason whereof the latter company became liable to pay said commissions to plaintiffs. The special contract was not declared upon, and there was no evidence under a *quantum meruit*. It was therefore necessary to support the finding of the court below (the case being tried without a jury), that evidence should have been adduced tending to show, either that said railway company had previously authorized said Crawford to make said special contract on its behalf, or that, with knowledge of all material facts, it had subsequently ratified his act in doing so. As the case is totally barren of evidence upon either a previous or subsisting authority, or subsequent ratification, the judgment is reversed. Opinion by McALLISTER, J. Judge below, ELLIOTT ANTHONY. Attorneys, for appellant, Mr. GEO. W. EASLEY and Mr. W. N. Low ; for appellees, Mr. FREDERIC ULLMANN. Opinion filed March 31, 1886.

No. 19—2287. Sarah C. Lieb v. Abraham Lichtenstein. An action on two promissory notes executed in the State of Indiana by a husband and wife. The plaintiff originally brought suit against the husband and wife, but dismissed as to the husband. The plaintiff recovered a verdict and judgment against the wife for the amount appearing to be due on said notes. The principal controversy was upon the question whether the stock of goods for which the notes were given was purchased by the wife as her separate personal estate, and to be employed by her in carrying on her separate trade and business, or whether the sale was really and in fact to her husband. On this question the evidence was conflicting. The jury have given credence to the plaintiff's witnesses, and the court can not say that their verdict is not sustained by a preponderance of the evidence. Judgment affirmed. Opinion by BAILEY P. J. Judge below, SIDNEY SMITH. Attorneys, for plaintiff in error, Messrs. WILSON & ZOOK; for de-

fendant in error, Mr. D. M. KIRTON and Mr. F. M. CHARLTON. Opinion filed March 31, 1886.

17—2285.   A claim filed by Edward G. Bowzer against the estate of Charles H. Crowell, deceased, in the Probate Court of Cook county.   The claim having been disallowed by the probate court, an appeal was taken by Bowzer to the circuit court, where a trial was had before the court and a jury, resulting in a verdict and judgment in favor of the administratrix.   The claim as originally filed was for a balance of $1,186.06, due from Crowell to Bowzer on an account stated.   By an amendment filed in the probate court, the claim was stated to be for divers sums of money advanced to said Crowell at different dates from August 14, 1878, to November 29, 1878, aggregating $1,426.25, on which there remained due the sum of $1,186.06.   The evidence tended to show, and the court thinks satisfactorily showed, that at the time of the transaction out of which the controversy arose, Crowell and Bowzer were copartners doing business under the firm name of C. H. Crowell & Co., and that the moneys advanced by Bowzer were his contribution to the capital of the firm.   It was claimed, however, and it was upon this theory that the case was tried, that the copartnership had been dissolved and an accounting had between said copartners, and that upon such accounting a balance was struck showing an indebtedness from Crowell to Bowzer of $1,230.06, which sum, less a credit of $44, still remained due and unpaid.   The evidence tending to show an accounting and final settlement between the parties was, to say the least, very weak and unsatisfactory, and the court will not interfere with the finding of the jury that there was no such accounting.   In the absence of an accounting in relation to the affairs and business of the partnership, showing a final balance in his favor, Bowzer was not entitled to a verdict for any specific amount.   It is claimed, however, that so long as the evidence showed that the partnership was unsettled the court should have treated the plaintiff's claim as praying for an adjustment and settlement of the partnership accounts, in the manner provided by the statute in relation to actions of account, and directed the jury to find the plaintiff entitled to such accounting, and that steps should have thereafter been taken under the statute to obtain an accounting by